```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---

JERNIGAN,

                Petitioner,        08 Civ. 9289 (JGK)

    - against -                <u>ORDER</u>

BROWN,

                Respondent.

---

JOHN G. KOELTL, District Judge:

    The petitioner has asked to stay his petition for habeas corpus so that he can present his claims to the state court. The Court now forwards his request to the parties.

    The respondent's responsive brief is due **September 18, 2009**. The petitioner's reply, if any, is due **October 9, 2009**.

SO ORDERED.

Dated:    New York, New York
           August 31, 2009

                                        _____
                                          Gerard E. Lynch
                                  United States District Judge
                                  Part I
                                  for Judge Koeltl

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-1-09

Jermaine Jernigan Petitioner pro-se
#04-A-5874
Eastern N.Y. Correctional Facility
P.O. Box 338
Napanoch, N.Y.   12458

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY   10007

August 25th, 2009

Re: <u>Jermaine Jernigan v. William Brown</u>
08-CV-9289 (JGK)

Your Honor:

   I am the petitioner in the above referenced petition, I am indigent and will be representing myself as petitioner pro-se in this habeas corpus matter. I am writing this letter as a motion to request a stay of my petition in order to address the unexhausted claims which I raised on my petition.

   Because of the mixed nature of my petition it is my understanding that it would be best to request a stay in order to return to sate court to satisfy the exhaustion requirement and amend to the petition. **See <u>Zarvela v. Artuz,</u>** 254 F.3d 374 (2d Cir.).

   These unexhausted claims of ineffective assistance of counsel are not meritless. And the reason why I have not yet exhausted them first in state court is because after requesting affidavits several times through writing the attorney's of record that handled my case pre-trial and trial I haven't as of Yet recieved a response from any of them.

   It is prerequisite to attach affidavits when claiming ineffective asstitance of counsel on a C.P.L. §440.10 motion. But I have since learned that my trial attorney Mr. Bertram Brown has been disbarred. I learned this from the first department disciplinary committee.

   I will have a CPL §440.10 motion done and submitted within a week or two and I will remain aware of all time limits as I am in the process of addressing or exhausting these claims in state court..

   Thank you for your consideration in this matter.

Jermaine Jernigan
Petitioner Pro-se


RECEIVED
AUG 2 8 2009
JOHN G. KOELTL
U.S.D.J.